UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICKIE ERHARDT, ) | |
| ) | Case No. 1:05-CV-01832 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| CITY OF ASHTABULA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

This is a civil rights case in which plaintiff Vickie Erhardt ("Erhardt") accuses defendants City of Ashtabula (the "City"), David Colucci ("Colucci") and Philip Varckette ("Varckette") of gender discrimination in hiring for the City police department under both 42 U.S.C. § 1983 and Ohio law. Now before the court is defendants' motion for summary judgment [Docket No. 15]. For the following reasons, the court grants defendants' motion in part on Erhardt's § 1983 claim, dismisses Erhardt's remaining state law claims without prejudice for lack of subject matter jurisdiction, and dismisses the case. Erhardt's motion to strike [Docket No. 54] is denied as moot.

**I. Background**

Erhardt applied for a position as a police officer with the City in 2001. She took and passed both the civil service examination and the physical agility test. She was placed on the certified eligibility list on June 28, 2001. The City administrative code provided that new positions were to be filled by selecting one of the top ten individuals on the eligibility list. City Admin. Code § 145.07(a). Only those individuals on the list could be hired as police officers. *Id.* However, the City's code did not dictate that individuals be taken in any particular order from that list; in 2001, the top three individuals by score

were hired, all males. Erhardt was not. The list was valid for one year, but was extended to June 27, 2003. Following the civil service exam in 2001, Erhardt did not reapply for the eligibility list. Erhardt filed the instant action on July 22, 2005.

## II.     Discussion

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit.

*Anderson,* 477 U.S. at 248.  Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards.  Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law."  *Id.* at 252.  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

The statute of limitations for actions under 42 U.S.C. § 1983 is two years in the state of Ohio, under binding Sixth Circuit precedent.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). While state courts in Ohio have since held that a different statute of limitation applies to §1983 actions, this federal district court is bound by the Sixth Circuit's *en banc* decision in *Browning*, despite what Ohio courts have ruled.  *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir.1997); *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995).  Because of the requirement that all police officers be hired from a certified eligibility list, the latest Erhardt could have been hired was June 27, 2003.  Similarly, that is the last possible date of any injury to Erhardt under § 1983, as after that date, it would not have been possible to hire her as a police officer under the City administrative code.  Therefore, the statute of limitations for Erhardt's § 1983 claim ran until two years after the expiration of the certified eligibility list, or on June 28, 2005.  Because Erhardt did not file her action in this court until July 22, 2005, the court finds that the statute of limitations bars her §1983 claim.  Therefore, the court grants defendants' motion in part, entering judgment in their favor on the § 1983 claim.

Erhardt's § 1983 claim was her sole federal claim and source of federal jurisdiction. While "there is no mandatory rule," generally, "'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Therefore, the court exercises its discretion and declines to exercise supplemental jurisdiction under 28 U.S.C. §1367 over Erhardt's two remaining claims under Ohio law. Erhardt's state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, the court grants defendants' motion for summary judgment in part [Docket No. 15] and enters judgment in defendants' favor on plaintiff's §1983 claim. The court declines to exercise supplemental jurisdiction over plaintiff's remaining claims, dismisses those claims without prejudice for lack of subject matter jurisdiction, and dismisses the case in its entirety. Erhardt's motion to strike [Docket No. 54] is denied as moot.

This order is final and appealable.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: January 31, 2007**